FILED
2018 Oct-03 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JERALD SANDERS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:16-CV-01695-KOB |
| **DEPARTMENT OF VETERANS AFFAIRS,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on "Defendants' Motion and Brief to Dismiss, or in the Alternative, Motion and Brief for Summary Judgment." (Doc. 12). The Defendant Department of Veterans Affairs contends that the court must dismiss the case because the court lacks subject matter jurisdiction. The court entered an Order to Show Cause why the court should not dismiss the case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (Doc. 15). Plaintiff Jerald Sanders failed to file a response. The motion is now ripe for review. While the VA's motion alternatively requested summary judgment, the court is only ruling upon the motion to dismiss and did not convert it to a motion for summary judgment. For the reasons explained below, the court GRANTS the motion to dismiss.

### I. BACKGROUND

Mr. Sanders is a U.S. veteran. (Doc. 7 at 1). He suffers from a seizure disorder and receives disability benefits from the VA. Mr. Sanders alleges that the VA reduced his benefit award at some point during or prior to 2014. (*Id.* at 8.).

1

Mr. Sanders claims that his disability benefits are being withheld. He has sent numerous requests to the VA for his disability benefits to be "reinstated back to the full percent for which the plaintiff is entitled to receive at the rate of 10% of the 100% per cent [sic] which is calculated on the nature of the service connected disability." Mr. Sanders alleges that the VA "neglected, failed and continues to ignore" those requests.

On September 10, 2014, Mr. Sanders submitted a "Statement in Support of Claim" to the VA requesting full reinstatement of his benefits. (Doc. 7 at 8). On August 18, 2014, Mr. Sanders submitted a second "Statement in Support of Claim" to the VA requesting an audit of his compensation from July 1975 through December 2014. He wrote, "For years, I have noticed that my award had been incorrect and wish to obtain evidence of how and why I was not compensated accordingly." (*Id.* at 9). He also indicated in the statement that he wrote several letters to Mr. A.L. Hill in the Montgomery Regional Office requesting an audit. On September 26, 2016, Mr. Sanders went to the Alabama VA office in person to check the status of his claim and to send an inquiry regarding the reinstatement of his benefits. (*Id.* at 6). The VA has not responded.

Mr. Sanders seeks (1) reimbursement for his benefit payments that were reduced, (2) an audit of his payments from the VA from June 1975 through the present, and (3) payment of "all monies owed" by the VA for Mr. Sanders's service-connected disability without further delay.

## II. STANDARD OF REVIEW

The Defendant VA challenges the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Federal courts cannot hear cases that fall outside of the limited jurisdiction granted to them. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir. 2005). And under Rule

2

12(b)(1) of the Federal Rules of Civil Procedure, a party may move the court to dismiss a case if it lacks jurisdiction over the subject matter of the case. Mr. Sanders, as the party invoking the court's subject matter jurisdiction, bears the burden of establishing that jurisdiction exists. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (quoting *Lawrence*, 919 F.2d at 1528–29). Factual attacks "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Lawrence*, 919 F.2d at 1529. The VA facially challenges the subject matter jurisdiction of Mr. Sander's case, so the court will look only to see if Mr. Sanders has sufficiently alleged a basis of subject matter jurisdiction. If the court determines that it lacks subject matter jurisdiction over a claim, the court must dismiss the claim. *See* Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

The VA contends that this court lacks subject matter jurisdiction over this case. (Doc. 12 at 1). Specifically, the VA argues that 38 U.S.C. § 511 bars judicial review of individual benefit determinations, that sovereign immunity bars Mr. Sanders's claims in this forum, that Mr. Sanders's complaint lacks a jurisdictional basis, and that the Tucker Act bars review of VA benefit decisions. The court finds that it lacks subject matter jurisdiction under the first

3

argument, that 38 U.S.C. § 511 prevents judicial review of individual benefit determinations, and does not reach the remaining arguments.

The VA argues that Mr. Sanders seeks district court review of the VA's determination of his individual benefits claims and that 38 U.S.C. § 511 expressly precludes such review. Following Mr. Sanders's reduction in payments, he sought reinstatement of his full benefits and payment in full of his prior payments received. Mr. Sanders now challenges that reduction in district court.

Under § 511(a), as amended by the Veterans' Judicial Review Act, the Secretary of the VA decides questions of law and fact that affect the provision of benefits to veterans. *See* 38 U.S.C. § 511(a) (2012). The statue expressly precludes judicial review: "The decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.* The statute includes four exceptions for review of rulemaking, certain insurance questions, housing and small business loans, and review of the Board of Veterans' Appeals decisions. *Id.* § 511(b).

The Eleventh Circuit held that the district courts lack subject matter jurisdiction to hear appeals of veterans benefit determinations. *See Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532 (11th Cir. 1996) (per curiam). In *Hall*, the plaintiff filed a suit in federal district court challenging the constitutionality of a reduction of his veterans' disability benefits under 38 C.F.R. § 3.665. *Id.* at 532–33. The Eleventh Circuit explained that, under the VJRA, the Secretary's final decision on benefit determinations may be appealed to the Board of Veterans' Appeals. *Id.* at 534. From the Board, decisions can be appealed to the Court of Veterans Appeals and then to the Court of Appeals for the Federal Circuit. *Id.*; *see also* 38 U.S.C. § 7252 (2012).

"In fact, it is well established that 38 U.S.C. § 511 precludes judicial review of determination of VA benefits outside of the aforementioned structure." *Williamson v. Sec'y of Veterans Affairs*, 139 F. Supp. 3d 1282, 1286 (N.D. Ala. 2015).

Because the VJRA includes an exclusive judicial review procedure, this court must follow the procedure set out by Congress. Mr. Sanders's complaint did not plead whether he first raised his claim before the Board of Veterans' Appeals. Regardless of whether Mr. Sanders raised his claim before the Board, this court lacks subject matter jurisdiction over this claim. Such a benefit determination appeal would be proper before the Board, or if Mr. Sanders already raised his claim with the Board, then to the Court of Veterans Appeals, not to this district court. Therefore, this case must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

The court will **DISMISS WITHOUT PREJUDICE** this case. The court notes that an appeal of the VA's denial or reduction of benefits may be properly brought before the Board of Veterans' Appeals or, if the Board has already ruled, appealed to the Court of Appeals of Veterans Claims pursuant to the VJRA. *See* 38 U.S.C. § 7252 (2012).

The court will enter a separate Order consistent with this opinion.

**DONE** and **ORDERED** this 2nd day of October, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE